**IN THIS UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | | |
|---|---|---|
| **ANNA B. ISBELL,** | } | |
| | } | |
| **Plaintiff,** | } | **Civil Action** |
| | } | |
| **v.** | } | **Case No. 11 cv 02347** |
| | } | |
| **JOHN CRANE, INC.,** | } | **Judge Milton I. Shadur** |
| | } | |
| | } | |
| **Defendant.** | } | |

**PLAINTIFF ANNA B. ISBELL'S MOTION TO STRIKE CERTAIN FACTS
CONTAINED IN DEFENDANT JOHN CRANE, INC.'S LOCAL RULE 56.1
STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF ITS
<u>MOTION FOR SUMMARY JUDGMENT</u>**

NOW COMES Plaintiff Anna B. Isbell ("ISBELL"), by her counsel, POKORNY &
MARKS, LLC, and in support of her Motion to Strike Certain Facts Contained in Defendant
John Crane, Inc.'s ("JCI") Local Rule 56.1 Statement of Undisputed Material Facts in Support of
its Motion for Summary Judgment ("Motion to Strike"), states as follows:

I.    <u>PROCEDURAL FACTS</u>

1.      On May 30, 2013, this Court ordered the parties to file their respective cross-
motions for summary judgment by July 29, 2013.

2.      Thereafter, on July 9, 2013, the parties jointly filed a Motion for Leave to File
Memorandum in Excess of 15 Pages and Leave to File Additional Local Rule 56.1 Statement of
Material Facts ("Motion for Leave"). On July 12, 2013, this Court granted the Motion for Leave
allowing the parties to file up to 100 separate statements of fact as opposed to the 80 separate
statements of fact as permitted under Local Rule 56.1(a).

3.      On July 22, 2013, this Court entered an Agreed Order extending the deadline for the parties to file their respective cross-motions for summary judgment from July 29, 2013 to August 12, 2013.

4.      On August 7, 2013, this Court granted Defendants Unopposed Motion for Extension of Time to File Motions for Summary Judgment, allowing the parties until August 21, 2013 to submit their cross-motions and supporting briefs.

5.      On August 21, 2013, JCI filed its Motion for Summary Judgment, Memorandum in Support and Local Rule 56.1 Statement of Undisputed Material Facts in Support of its Motion for Summary Judgment ("JCI's SSOF").  Even a cursory review of JCI's SSOF evidences non-compliance with the local rules.  Not only is JCI's SSOF not concise as required (that on average every "fact" contains 4 sentences), it is replete with irrelevant facts, immaterial facts, speculation, argumentative and otherwise improper statements and legal conclusions, all of which are inappropriate under Local Rule 56.1(a).

II.      SUMMARY OF LAW AND ARGUMENT

    A.      ***JCI's Statement of Facts must be Stricken in Its Entirety because it is Neither Short Nor Concise as Required by the Rule.***

6.      Local Rule 56.1 of the Northern District of Illinois provides:

    "With each motion for summary judgment filed pursuant to Fed.R.Civ.P. 56 the moving party shall serve and file…

    (3) a statement of **material facts** as to which the moving party contends there is no genuine issue and that entitle the moving party to a judgment as a matter of law, and that also includes:

    (A) a description of the parties, and

    (B) all facts supporting venue and jurisdiction in this court.

    The statement referred to in (3) shall consist of **short** numbered paragraphs, including within each paragraph specific references to the affidavits, parts of the

record, and other supporting materials relied upon to support the facts set forth in that paragraph. Failure to submit such a statement constitutes grounds for denial of the motion. Absent prior leave of Court, a movant shall not file more than 80 separately-numbered statements of undisputed material fact.

The Court can require strict compliance with Rule 56.1, and refuse to accept a Rule 56.1 statement even if it substantially complies with the Rule. See Ammons v. Aramark Uniform Servs., Inc., 368 F.3d 809, 817 (7th Cir. 2004).

7.      When presented by a pleading such as JCI's SSOF this Court has the inherent power to strike the statement of "facts" for failure to comply with the Federal Rules and/or Local Rules. Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991) (recognizing that federal courts have inherent powers that are 'governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.' [citations omitted]).

8.      This inherent power has been repeatedly exercised by U.S. District Courts and upheld by appellate courts. See e.g., Bordelon v. Chicago Reform Bd. of Trustees, 233 F.3d 524, 527-28 (7th Cir. 2000) (finding District Court did not abuse its discretion in striking 56.1 Statement of Facts in its entirety where statement contained "evasive and contradictory answers and legal argument" in violation of local rules.); Cousin v. SOFONO, Inc., 2003 U.S. Dist. LEXIS 18670, *28 (D. Mass. 2003) (granting plaintiffs motion to strike defendant's statement of facts for failing to comply with Local Rule 56.1 where the statements were not concise, and were presented in a manner that "made it difficult for plaintiff to respond"); Stender v. Provident Life and Accident Ins. Co., 2001 U.S. Dist. LEXIS 3411, *23 (N.D. Ill.) (granting motion to strike statements of fact that were irrelevant); Brown v. Local 701 of the Internat'l Brotherhood of Electrical Workers, 2000 U.S. Dist. LEXIS 12630, at *7-8 (N.D. Ill.) (granting motions to strike

factual submissions of both parties in summary judgment motion and response thereto that were speculative or irrelevant).

9.     Although the plain language of Local Rule 56.1 does not define "statement," at least one Illinois court has held the parties to a reasonableness standard.  Hall v. City of Aurora, 2008 U.S. Dist. LEXIS 46555, *24 (N.D. Ill. 2008).   "If a movant's Local Rule 56.1(a)(3) statement is unduly bloated in violation of the rule, the Court will 'know it when it sees it.'"  Id.

10.     On its face, the 46 page SSOF containing 96 numbered paragraphs cannot be construed as short or concise as required under Local Rule 56.1(a) and Federal case law.  JCI compounds the lack of conciseness in its SSOF by including multiple "facts" in virtually every numbered paragraph. (See Dkt.#59.)  For instance, paragraph 27 of JCI's SSOF contains at least 6 separate "facts" that JCI expects this Court and ISBELL to verify by examining the extensive record.  Even a generous breakdown of each one of JCI's "facts" reveals that in actuality JCI's SSOF consists of 251 separate facts[1] – which is grossly beyond the 100 separate fact limitation this Court granted in its July 12, 2013 Court Order.

11.     In agreeing to jointly file a motion with this Court for leave to extend the number of facts from 80 to 100, ISBELL certainly did not expect JCI would abuse and violate this Court's July 12, 2013 Order by attempting to hide 251 "facts" in 96 paragraphs.  The sheer volume alone demonstrates that it is extremely unlikely that many of JCI's 251 "facts" are at all material to the issues raised in JCI's Motion for Summary Judgment, let alone the difficulty ISBELL will have in responding to them.

---

[1] ISBELL's counsel has attached as Exhibit A hereto, a generous breakdown of JCI's SSOF.  Each separate fact retains the original paragraph number.  The only modification ISBELL's counsel made was the inclusion of each subsection, i.e., (a), (b), (c), etc.

12.     JCI's Statement of Facts constitutes an egregious and conscious disregard for the letter and spirit of the Federal Rules of Civil Procedure and Local Rule 56.1(a) which this Court generously extended to 100 facts, not 100 long paragraphs.

   B.     ***Numerous Statements of "Fact" Contained in JCI's SSOF are Not Material and Must be Stricken.***

13.     A fact is material if it could affect the outcome of the suit under the governing law, and a dispute is genuine where the evidence is such that a reasonable jury could return a verdict for the nonmoving party. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986). The Court should not consider disputes over irrelevant or unnecessary facts. <u>Id</u>.

14.     JCI asserts in its SSOF a great number of "facts" that are not at all material to the outcome of this case, including specifically detailed descriptions of various individuals, their job titles, job duties, and other biographical information that do not affect the outcome of this case. Moreover, JCI asserted numerous statements that are argumentative, misstated, never cited in its Memorandum in Support of its Motion for Summary Judgment ("Memorandum"), speculative and have absolutely nothing to do with any alleged material fact in dispute that would either prevent or allow JCI summary judgment as a matter of law, and accordingly must be stricken.

15.     *SSOF Paragraph 3 (sentence 2)*

JCI does not cite this particular "fact" anywhere in its Memorandum in support of its Motion for Summary Judgment ("Memorandum").  Further, the number of employees Wasser supervises as well as his job responsibilities are not material to the outcome of this case – he was not ISBELL's direct supervisor.

16.     *SSOF Paragraph 4 (sentences 4 and 5)*

Again, JCI fails to cite these particular two "facts" in its Memorandum and Derby's general job duties are not in any way material to the outcome of this case.

17.     *SSOF Paragraph 17 (sentence 2)*

The fact that JCI maintained a Handbook during the relevant time period may be material; however, in addition to JCI's failure to cite this "fact" in its Memorandum, the Handbook referenced is an updated version <u>after</u> ISBELL's termination, and is therefore irrelevant and not material to the outcome of this case.

18.     *SSOF Paragraphs 18, 19 and 20 (Excerpts from JCI's alleged Handbook)*

JCI fails to cite SSOF paragraphs 18, 19 and 20 in its Memorandum and JCI conveniently neglects to establish foundation for Exhibits 6, 7 and 13 specifically omitting any deposition testimony referencing said Exhibits.  As such, SSOF paragraphs 18, 19 and 20 are not facts in the record and thus, improper and must be stricken.

19.     *SSOF Paragraph 22*

JCI fails to cite SSOF paragraph 22 in its Memorandum.  In addition, the fact that JCI maintains an attendance policy may be material; however, ISBELL's statement in her deposition that she does not consider the attendance policy to "be of ***exceeding*** importance" is not material. The fact is, JCI's attendance policy says what it says and ISBELL's opinion about that policy lends no value to its application and the outcome of this case.

20.     *SSOF Paragraphs 35, 36 and 37 (Ron Kleck's job title and job duties)*

JCI does not cite any portion of SSOF paragraph 35 in its Memorandum.  Moreover, Kleck's general job responsibilities are immaterial to ISBELL's claims as JCI has admitted that Kleck had no role in JCI's decision to accommodate or terminate ISBELL.

21.     *SSOF Paragraph 38*

In addition to JCI's failure to cite to SSOF paragraph 38 in its Memorandum, the specific degree required for a Metallurgical Engineer versus a Chemical Engineer is immaterial – it does

not affect the outcome here, not to mention a <u>theoretical assertion</u> of what each candidate must possess is too attenuated. It merely serves as an inference as to the specific degrees possessed by ISBELL and Kleck, which is improper.

22.     *SSOF Paragraphs 50 and 51 (2005 Performance Review)*

Once again JCI does not refer to or cite SSOF paragraphs 50 or 51 in its Memorandum. More compelling is that the relevant time period here is between February 2006 and August 2009. Any performance review (and the contents therein) received prior to 2006 is not material – not to mention ISBELL was terminated for attendance and not poor performance. Further, whether ISBELL believed she was discriminated against in 2005 – almost 3 years before she filed her April 15, 2009 EEOC charge is not only a legal conclusion, it is irrelevant and not offered for any reason other than to unduly burden ISBELL's counsel in having to respond. Accordingly, paragraphs 50 and 51 must be stricken as immaterial.

23.     *SSOF Paragraphs 52 and 53 (Statements referring to Mahina Ghita)*

Any reference to Mahina Ghita and JCI's investigation of ISBELL's sex-based harassment in May 2006 is wholly immaterial to the facts of this case. It does not relate to any single allegation alleged by ISBELL, nor are these alleged uncontroverted facts referenced by JCI in its Memorandum, and therefore must be stricken.

24.     *SSOF Paragraph 65 (sentences 2 and 3)*

In addition to again not being referenced in JCI's Memorandum, ISBELL's opinion on arriving to work at 10:30 a.m. is immaterial and does not affect the outcome of the case. Further, ISBELL's contention that there is "nothing 'discriminatory' about Derby commenting on her attendance issues" is a legal conclusion and thus, improper. Accordingly, paragraph 65 (sentences 2 and 3) must be stricken.

25.    *SSOF Paragraph 71 (sentence 3)*

ISBELL's admission that there is no policy or document prohibiting Wasser from requiring employees to start at 8:30 a.m. is completely immaterial. ISBELL does not contend that Wasser was not allowed to require employees to start at 8:30 a.m. – only that she had an accommodation in effect prior to and on October 7, 2008 (the date Derby, without warning, informed ISBELL that her new start time was 8:30 a.m.). Accordingly, paragraph 71 (sentence 3) must be stricken as immaterial.

26.    *SSOF Paragraph 72 (sentence 5)*

SSOF paragraph 72 (sentence 5) is not only immaterial, it is self-serving. JCI cites to a written medical document (Exhibit 27 of ISBELL's deposition), that ISBELL did not prepare, to support its "fact"; JCI's assertion of ISBELL's lay opinion as to the statements contained in a medical document is immaterial. Accordingly, paragraph 72 (sentence 5) must be stricken.

27.    *SSOF Paragraph 73 (sentences 3 and 4)*

SSOF 73 (sentences 3 and 4) are wholly immaterial. That ISBELL cited the ADA in an email to JCI as well as her lay interpretation of the ADA and its enforcement provisions is immaterial and does not affect the outcome of the case. Accordingly, paragraph 71 (sentences 3 and 4) must be stricken.

28.    *SSOF Paragraphs 74 (sentence 3) and 75 (sentences 3 and 4)*

In addition to being immaterial, whether ISBELL thought the JCI was taking her request for a reasonable accommodation seriously and ISBELL's perception of JCI's proactivity during the accommodation process is completely irrelevant. Whatever ISBELL "though" is not a legal test to determine JCI's compliance with its legal obligations. JCI's inquiry with ISBELL as to the status of Dr. Kapoor's medical response has absolutely nothing to do with JCI's legal obligation to engage ***ISBELL in an interactive process*** and it is not correlated or material to any element of ISBELL's

cause of action and/or JCI's defense. Thus, paragraphs 74 (sentence 3) and 75 (sentences 3 and 4) must be stricken as immaterial.

29.     *SSOF Paragraph 84 (sentences 2, 3, 4)*

In addition to JCI's failure to cite or reference paragraph 84 (sentences 2, 3 and 4) in its Memorandum, Dr. Kapoor's timeliness in submitting JCI's requested medical information is immaterial to the outcome of this case. JCI admits it received the requested medical information and issued its decision <u>thereafter</u>. Dr. Kapoor's punctuality is immaterial; accordingly, paragraph 84 (sentences 2, 3 and 4) must be stricken.

30.     *SSOF Paragraph 87 (sentence 3)*

Again, Dr. Kapoor's punctuality is immaterial for the reasons stated *supra*. Further, ISBELL's admission in her deposition that JCI's extension of time for Dr. Kapoor to submit the requested medical information is also immaterial as it has nothing to do with the legal obligation to engage in an interactive process as it relates to ISBELL and her accommodation request and is not correlated to any element of ISBELL's cause of action and/or JCI's defense. Thus, paragraph 87 (sentence 3) must be stricken.

C.     ***A Portion of Paragraph 68 of JCI's Statement of Facts must be Stricken as Hearsay and Not Supported by the Record.***

31.     "Hearsay means a statement that: (1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement." See USCS Fed Rules Evid R 801.

32.     Paragraph 68 (sentence 1) states, "If Isbell did not perform the tests early enough in the morning, as required by the internal customers, Kleck would often have to assist and therefore not timely tend to his metallurgical duties." (Dkt.#59, at¶68.) JCI offers this statement to prove its burden of undue hardship. JCI does not include in the record any declaration or

affidavit from Kleck as to him specifically performing certain of ISBELL's duties, nor does the record contain any evidence that he was unable to timely perform his own duties as a result of assisting ISBELL. JCI cites, as support, declarations from certain internal customers, Longoria, Liewehr, Singer and Shoukathuulah, none of whom attest to the fact they have first hand knowledge that Kleck's assistance to ISBELL prevented him from timely tending to his own metallurgical duties or that Kleck failed to timely perform his duties for them specifically because he was assisting ISBELL. As such, that portion of paragraph 68 must be stricken as inadmissible hearsay.

      D.    ***Numerous Statements of "Fact" Contained in JCI's SSOF are Argumentative, Irrelevant and/or Legal Conclusions and Must be Stricken.***

      33.    JCI asserts a number of "facts" that are argumentative and therefore not uncontroverted assertions of fact. The following statements are nothing more than arguments of counsel, completely irrelevant to ISBELL's claims or they are legal conclusions - a far cry from a concise statement of uncontroverted fact supported by citation to the record.

      34.    *Paragraph 24 (sentence 1)*

      SSOF paragraph 24 (sentence 1) is self-serving argument and is completely contradicted by actual "facts" referenced in JCI's SSOF. JCI cites the Technology Attendance guidelines in its SSOF and admits that the 30 minute grace period applied to ISBELL's 9:15 a.m. start time. Nowhere in the policy does it state JCI's additional self-serving assertion that it is to be applied only when a "unique situation occurs." JCI's insertion of this argument in its SSOF is improper and thus paragraph 24 (sentence 1) must be stricken.

      35.    *Paragraphs 47 (sentence 3), 50 (sentence 1) and 51 (sentence 4)*

      Any reference JCI makes with regard to ISBELL's alleged belief that certain practices engaged in by JCI prior to 2008 were not "discriminatory" are not only irrelevant, they are wholly

conclusory. Whether or not conduct is "discriminatory" is a legal conclusion involving the interpretation and/or application of legal principles as applied to *actual facts*. Thus, this Court must strike paragraphs 47 (sentence 3), 50 (sentence 1) and 51 (sentence 4).

36. *Paragraph 59 (sentence 4) (one of the more egregious violations)*

Not only is paragraph 59 (sentence 4) argumentative, it intentionally misleads this Court as to the accuracy of ISBELL's testimony. It is egregiously improper. JCI intentionally misstates ISBELL's testimony and then asserts Dr. Kapoor denied the accuracy of ISBELL's testimony. Contrary to JCI's statement of "fact" in paragraph 59, ISBELL actually testified as follows:

> Q: How long does it take for Concerta to kick in after you ingest it?
>
> A: Three to Four hours.
>
> Q: Ok. And what about the Ritalin or the Methylin?
>
> A: This is a complex medical question. The Ritalin is supposed to enhance the effectiveness of the Concerta. At the dosage I was taking it at John Crane while I was at John Crane, the kick-in time was approximately the same. So its very hard to differentiate the Concerta from the Ritalin. In fact, Concerta is merely an extended release form of Ritalin.
>
> Q: Ok. So the *Concerta and the Ritalin* takes three to four hours to kick in?
>
> A: Yes.

(Emphasis added) (See Dkt.#59, Exhibit B.1, at pg. 81, lines 15-24, pg. 82, lines 1-6.)

When JCI's counsel asked Dr. Kapoor during his deposition whether its accurate to say that immediate release **Ritalin** does not take three to four hours to kick in, Dr. Kapoor responded, "No. Its sooner than that." (See Dkt.#59, Exhibit Q, at pg. 20, lines 11-14.) What counsel for JCI intentionally failed to cite from the same record is that Dr. Kapoor also stated that while Ritalin takes about an hour to "kick-in," ISBELL's main treatment was Concerta and

Concerta is a long acting Ritalin designed to release very slowly over a period of a whole day – it will start acting in two to three hours and then peak in about six to eight hours. (See Dkt.#59, Exhibit Q, at pg. 21, lines 1-9, pg. 22, lines 1-5.) Dr. Kapoor never denied the accuracy of ISBELL's lay testimony and any attempt by JCI's counsel to skew pieces of out of context statements of the deposition transcripts to fit its desperate version of the facts is egregiously argumentative, improper, and must be stricken.

37.     *Paragraph 70 (sentence 2)*

Again JCI seeks to improperly include argument in its SSOF paragraph 70 (sentence 2). JCI cites to Exhibit 1 of Wasser's deposition which specifically asks Derby for the starting times of all of his "people", not, as JCI inaccurately stated, when an employee "typically arrived to work." (See Dkt.#59, Exhibit C.2, at Exhibit 1.) Derby's response to Wasser's inquiry states ISBELL's work schedule as 10:00 a.m. to 6:30 p.m. On its face, Derby's response did not state that 10:00 a.m. to 6:30 p.m. was ISBELL's "typical work hours" – nor does Derby inform Wasser that 10:00 a.m. was when ISBELL typically arrived to work. Any statement made by Derby during his deposition is clearly an after-acquired, self-serving statement contradicted by the documented evidence in the record. Accordingly, paragraph 70 (sentence 2) must be stricken.

38.     *Paragraph 77 (sentences 3-4)*

JCI's SSOF paragraph 77 (sentences 3 and 4) is not only improper argument, it is purely speculative. Dr. Kapoor's December 8, 2008 response is cited by and specifically states that a 10:00 a.m. start time would be "optimal." (See Dkt.#59, Exhibit B.2, at Isbell Exhibit 29, pg. 3.) More compelling, JCI did not ask Dr. Kapoor whether ISBELL is able to start work before 10:00 a.m.! JCI is drawing a conclusion from a question never asked and thus, never answered. In

addition, paragraph 77 (sentence 4) is wholly speculative and Courts have struck similar statements. See Brown, U.S. Dist. LEXIS 12630, at *7-8 (N.D. Ill.) (statement that "plaintiff would have been referred for employment 'very soon after he signed Book IV' if he had left a contact number with the Denver local and 'obtained the necessary temporary work permit while awaiting state examination,'" too speculative to be admitted.) Accordingly, this Court must strike paragraph 77 (sentences 3 and 4).

39.    *Paragraph 96*

 Finally paragraph 96 does not contain any statement of cited fact. It is pure legal argument. JCI improperly attempts to argue the merits of its Memorandum in its SSOF paragraph 96. Thus, paragraph 96 must be sticken in its entirety.

III.    CONCLUSION

40.    When JCI's SSOF is viewed as a whole it is littered with multiple misstatements of the record, immaterial assertions, arguments and legal conclusions all in complete violation of the letter and the spirit of the Federal Rules and the Local Rules for District Court of the Northern District of Illinois and therefore must be stricken. In the alternative, should this Court not strike the SSOF as a whole, ISBELL requests that those certain statements, referenced supra, be stricken as improper or that this Court not accept any non-factual arguments or unsupported statements as fact and rely on only those assertions that are supported by competent evidence of a type otherwise admissible at trial. See Lewis v. City of Chicago, 496 F.3d 645, 651 (7th Cir. 2007).

WHEREFORE, Plaintiff Anna B. Isbell requests that this Honorable Court enter an Order (a) granting her Motion to Strike Certain Facts Contained in Defendant John Crane, Inc.'s

("JCI") Local Rule 56.1 Statement of Undisputed Material Facts in Support of its Motion for

Summary Judgment, and (b) for such other and further relief as this Court deems just and proper.

Respectfully submitted,

**ANNA B. ISBELL**

By:    /s/ Marissa B. Saltzman   
          One of her Attorneys

Marissa B. Saltzman, Esq. (6293683)
Spencer J. Marks, Esq. (1769928)
Jonathan D. Rosen, Esq. (6287905)
**POKORNY & MARKS, LLC**
6 West Hubbard Street, Suite 700
Chicago, Illinois 60654
312-540-0600